The opinion of the court was delivered by
DuncaN, J. A capias in debthad been issued by the United States against John Edme, debt 10,000 dollars for certain penalties, in which bail was marked in 15000 dollars. He was arrested by the marshal on this writ, while he was returning from his attendance on a magistrate, before whom he had made a deposition as a witness in the cause of Gravelle v. Gouiram, depending in this court, under a rule of court. The marshal was in the justice’s office during the examination of the witness, but did not arrest him until *149 after he had left the office. On the affidavit and application of Edme’s attorney, a rule was granted to shew cause, why he should not be discharged from the arrest. Cause was shown by the district attorney: 1st. Because the application and affidavit were made by Edme’s attorney, and at the'instance of his bail. 2d. Because he was not in actual custody, but had given bail to the marshal, and was now beyond th'e process of the court of the United States, and the application was after an unsuccessful attempt in the District Court to lessen the amount of bail. ,3 d. The rule to take depositions was not entered agreeably to law. 4th. That his attendance before the justice was voluntary, and not under any compulsory order or subpoena. 5th. That privilege cannot be claimed where the United States are a party; or if it can it .is only during actual attendance. The first and second objections to the discharge must be taken in connection.. The power to discharge suitors and witnesses is necessarily inherent in every court, and though the court from which the process issues may discharge, for the abuse of their process on the privileges of suitors and parties in other courts, yet the court on whom the contempt has been committed is the most suitable forum,. and the practice generally is to apply there for redress. A chancellor exercises this authority, whenever the proceeding under which the privilege is claimed issues from that court. Indeed some doubts have been of late entertained whether, the application must not be made to that court, of which the arrest is a contempt, and I can entertain no doubt of the power of that court to discharge, though the court from which the process issues, have declined or refused to discharge, andas this power is necessary for their own protection, it cannot depend on another tribunal to grant or withhold it. If is the privilege of the court, yet it is the protection of the suitor or witness to whom the common law gave a writ of privilege in that case, in lieu of which summary relief on motion is now substituted, and this cannot be denied on proper grounds shown, for there is no such thing in the law as writs of grace and favour issuing from the judges: they are all writs of right hut not Writs of course. Wilmot’s Opinions and Judgments, 87. The giving a bail bond is so far from waiving the privilege, that the court when they discharge will order it to be delivered up to be cancelled. The defendant is not obliged to apply in person, his bail or his attorney may. Nor must he continue in custody, or give up his own lawful pursuits and remain stationary until the sitting of the court.' Edme has done no act to waive the privilege. He has neither imparled or pleaded. The first and second objections are thus disposed of. There is no weight in the third. The rule is regularly entered; and if it were not, it lies not in the mouths of those who have treated the process of the court with disregard, to say your proceedings were irregular, and we will treat them with contempt. They were not void. The court had jurisdiction, and it is not for third persons collaterally to object irregu *150 larity. While the rule stood on the records of the court, it was a rule in full life and force. The fourth and fifth require more serious consideration.
The national and state legislatures, and the national and state courts, act wisely in evading all legislation and decisions, on the delicate questions of clashing jurisdictions. ■ Where State powers end, and United States authority begins, is difficult and tender ' ground, to be trod over lightly and warily. It is unnecessary to say, whether congress possess the constitutional right to deprive the state courts of the- power of protecting themselves from con-tempts committed on their proceedings, on suitors or witnesses necessarily attending the execution of their orders and rules. They have not done so. The United States, in certain cases, have by law, a priority in the payment of their debts; but I do not acknowledge any claim of superiority in the remedy or execution of their process in civil suits over those of the citizen. Even with the prerogatives of royalty, this is not one possessed by the British monarch, whose process of extent overreaches the rights of his subjects, in a manner not quite congenial to our republican opinions. Yet even in that country, a party attending a commission of bankrupt, was discharged from arrest, at the suit of the crown, while he was said to be in the actual performance of the duty of going through his examination, and actually attending the commissions for that purpose, Cook’s Bank. Law, 715. In the instance before us, though the Marshal executed the process with' all decorum, yet it cannot escape our observation, that he followed the man into, the Justices Office, and though he did-not actually arrest him in the Justice’s presence, yet he did so in the very hour of his examination, and before the deposition was dry. I consider him as much protected, as if he had been arrested just after his examination, as a witness in this court, going out of the hall of the court, and having passed the verge. Otherwise the privilege would be a mere mockery, and even though the form of the process as attachment for contempt be criminal, and in the name of the United States,or the State, if it be only to compel the payment of money, the party is protected from arrest; and the very act under which bail was demanded, act of Congress, 2d March, 1799, shews, that the United States, do not assert such a prerogative. - It provides that .the United States may hold to bail in actions for penalties, subject to the rules and regulations which prevail in other civil suits with respect to bail. My decided opinion is, that in civil suits by the United States, there is the same privilege to suitors and witnesses, as the law gives in actions by one citizen against another. It is unnecessary to review with minute particularity, the cases pro and con, on this subject of privilege. The clear principle is this; that protection to a witness ought to be at least as extensive, as to a party :• that' when it is not a mere cover to a skulking debtor, it ought to be considered liberally. Originally, indeed, it embraced only attendants *151 on courts; but has extended itself in process of time, to every case where the attendance was a duty in conducting any proceedings of a judicial nature, as commissions of bankrupt, a Judge at his chambers ; and whatever doubts might have been entertained, as to a witness attending on arbitrations under a rule of court, he is now just as much protected as a witness attending a Judge at Nisi Prius. It has been carried still further to a witness going before a Master in Chancery to make an affidavit. Parties and witnesses are privileged during attendance before referees on a rule of submission, under the act of 1705, and what affords this protection? a rule of court. So here there is an order of court to authorize taking the deposition, and the court must necessarily possess the • power to protect from arrest all who are necessarily attending the execution of their own order. Nor is it any objection, that the witness did not attend by compulsion. The party himself would be protected during the examination, eundo, morando, et redeundo, and it is equally reasonable, that the witness whose examination he was attending, should be entitled to the same exemption.
Rule made absolute, and John Edme discharged from the custody of the Marshal.