SNELLING & BAXTER vs. WATROUS and others.

Where the defendant was in contempt for not putting in an answer, and an attachment had been issued against him, upon which he could not be found ; and afterwards, upon his application to the proper officer for his discharge under the insolvent act, the complainant, with the view of procuring his arrest upon the attachment, obtained an order for his personal examination before such officer, and after such examination of the defendant was closed, and as he was leaving the office, the complainant caused him to be arrested upon the attachment, it was held, that as the defendant was arrested by such an improper contrivance, he ought to be discharged.

An attachment for the non-payment of costs only, although in form a criminal, yet in substance is a civil proceeding, and a party will be entitled to the like protection from arrest thereon, as in other civil process, during his attendance as a party or witness before some court or officer, and a reasonable time to go and return.

Whether the like protection would be extended to cases where the court can punish by fine and imprisonment upon an attachment to enforce a civil right or remedy ? Quære.

Nov. 22d.    THE defendant Watrous was in contempt for not answering ; and an attachment was issued against him, upon which he could not be found by the officer.  But having applied for his discharge under the insolvent act, to the recorder of New-York, the complainant's counsel opposed his discharge, and procured an order for his personal examination before the recorder.   After the defendant's examination was closed, and as he was leaving the recorder's office, the complainants' counsel caused him to be arrested on the attachment. The defendant immediately applied to the recorder for his discharge, who referred the question to the chancellor for his decision thereon.

D. D. Field, for the complainants.

C. W. Sanford, for the defendant.

THE CHANCELLOR.    If this was an attachment for the non-payment of costs merely, or a precept to commit the defendant for the non-payment of a sum of money, under an order of the court, the proceeding, although in form in the name of the people, would in substance be a civil proceed-

ing ; and the defendant would be protected from arrest thereon during his attendance before the recorder, and until he had a reasonable time to return home. (Ex parte Parker, 3 Ves. 554. *United States* v. *Edme*, 9 Serg. & Rawl. 150. Ex parte Eicke, 1 Glyn. & Jan. 261.) Whether the protection extends to those cases in which the court is authorized to . punish the party by fine and imprisonment, on an attachment to enforce a civil right or remedy, admits of some doubt.

But under the circumstances of this particular case, the defendant must be discharged from the arrest. Where the party has not in fact been guilty of a crime, this court will not permit the complainant to resort to any unfair and inequitable method to enforce the process of attachment. It is very evident that the proceeding before the recorder to procure the personal attendance of the insolvent was a mere device to enable the complainants to arrest him on this attachment. I cannot allow a party thus to abuse the process or the remedial power of any court. In *Wells* v. *Gurney*, (8 Barn. & Cress. 679,) where by the contrivance of the plaintiff's attorney the defendant was arrested on Sunday for an assault actually committed, but for the real purpose of detaining him until Monday, so that he might be arrested in a civil suit, the court of king's bench discharged the defendant from the last arrest.

The defendant Watrous must be discharged from the arrest on this attachment; but on condition that no action for false imprisonment be brought by him.