### SHEEHAN *v.* BRADFORD, B. & K. R. Co.

(*Supreme Court, Special Term, Erie County.* January, 1889.)

WRITS—SERVICE—WHEN SET ASIDE—NON-RESIDENTS—WITNESS.

    Service of summons on a non-resident, who is within the state solely as a witness in another action, will be set aside on motion; and it is immaterial that the service is on such non-resident merely as director of a foreign corporation, which is the real defendant.

On motion to set aside service of summons.

*William H. Henderson*, for the motion. *Adelbert Moot*, contra.

LEWIS, J. The defendant is a railroad corporation organized under the laws of the state of Pennsylvania, and doing its business in that state. At the time of the service of the summons, as hereinafter stated, some of its property, consisting of cars, was within this state. R. G. Taylor, a director of the defendant, being a resident of the state of Pennsylvania, came into this state at the request of one of the parties to an action being tried in this court before a referee, for the sole and only purpose of being a witness in said action, and, while so attending such court as a witness, he was served with a summons in the above-entitled action, and the defendant now moves for an order setting aside the service.

It has for many years been the settled doctrine in this state that a service under such circumstances, in an action against the witness, will be set aside on motion. *Person* v. *Grier*, 66 N. Y. 124; *Matthews* v. *Tufts*, 87 N. Y. 568. It is urged that this immunity should not be extended to a case where the service is for the purpose of commencing an action against a party other than the individual upon whom the service is actually made. This exemption rule is not by force of any statute, but grows out of its necessity for the administration of justice, as courts would often be embarrassed if suitors or witnesses, while attending court, were subjected to the service of process. They thereby might be deterred and prevented from attending upon the sitting of our courts, as witnesses, and delays might ensue or injustice be done thereby. The personal attendance of witnesses upon the trials of actions not only facilitates the trials, but aids in the satisfactory and correct decision of cases. The reason of this rule of exemption applies with the same force in the case at bar as if Mr. Taylor had been the real defendant. He undoubtedly would not have appeared as a witness upon the trial if he had understood that by so doing he subjected the defendant to the jurisdiction of the courts of this state. Had he come here for pleasure, or upon business other than that of a witness, he would, for the purposes of commencing this action, have brought the defendant here, and subjected it to the jurisdiction of the courts of this state. Hav-

ing come here solely for the purpose of aiding the courts to administer justice, the defendant is entitled to the protection our courts accord parties and witnesses who are here under such circumstances. The motion to set aside the service of the summons is granted, without costs.