### FINCH v. GALLIGHER.

#### FINCH et al. v. GALLIGHER et al.

*(Supreme Court, Special Term, New York County. October, 1890.)*

WRITS—SERVICE OF PROCESS—PRIVILEGE OF PARTY.

    Where a person who comes into the state in order to take part in the taking of depositions, to be used in an action to which he is a party, remains in the state two days after he had expressed his intention to take no further part in the taking of the depositions, he loses his privilege of exemption from service of process, as having remained in the state an unnecessary and unreasonable length of time.

At chambers. Actions by Lucius R. Finch against Charles Galligher, and by Henry T. Finch and Edward L. Finch against Charles Galligher and Frank C. Galligher. Defendant Charles Galligher moves to set aside the service of process on him on the ground that it was served on him while attending court

within the state as a party, and as an attorney in his own behalf. The following affidavits were filed in support of the motion:

"Charles Galligher, being duly sworn, deposes and says: That deponent is the defendant Charles Galligher above named. That deponent is, and at the times hereinafter mentioned was, a non-resident of the state of New York, and resides, and at all of said times resided, at Cairo, in the state of Illinois. That on or about the 23d day of September, 1890, this deponent came from said Cairo, Ill., the residence of this deponent, to the city of New York, for the purpose of attending as a party, and for the purpose of attending, and with the right to cross-examine witnesses upon, certain proceedings then and still pending for the purpose of taking upon open commission the testimony of the plaintiffs above named, and of forty-three other witnesses in certain actions now pending in the circuit court of the United States for the southern district of Illinois, and in one of which said actions this deponent is sole defendant, and in others this defendant is joined as a defendant with one Frank L. Galligher, and in one of which said actions the plaintiffs above named are plaintiffs, and in two of which Lucius R. Finch is plaintiff, and one of which said actions, as deponent is informed and verily believes, is brought upon the same cause of action as the cause of action which the summons hereinafter mentioned was issued. That this deponent came to the city of New York, and attended upon said proceedings, in response to notices served in said circuit court actions upon this deponent by Messrs. Lansden & Leek, of Cairo, the attorneys for these plaintiffs and for other plaintiffs in said actions. That in and by said notices this defendant was notified that the deposition of said witnesses, when taken, would be read in evidence upon the trial of said circuit court actions; that the hearing would be adjourned from time to time; and that deponent should appear upon the taking thereof, and should have the right to cross-examine witnesses. That, in response and in pursuance to said notices entitled in said circuit court actions, respectively, this deponent did come to the city of New York, and within the jurisdiction of this court, and did on the 23d day of September, 1890, appear as a party at the office of Manly H. Raymond, Esq., at 156 Broadway, New York, that being the place mentioned in said notices, and upon which said day the testimony of certain of said plaintiffs in said circuit court actions was taken, and said proceedings further adjourned to September 26th, and then further adjourned. That upon said hearings, and at the taking of said testimony, the plaintiffs in said actions, including the plaintiffs herein, were represented by Frederick M. Littlefield, Esq., as counsel, and deponent and said other defendants were represented by this deponent. That on the 27th day of September, 1890, while still in the city of New York, in attendance, as aforesaid, this deponent was served with the summons and notice in this action by Frederick M. Littlefield, Esq., as plaintiffs' attorney; said hearing having been adjourned on the previous day. That deponent was induced to come to the city of New York by, and deponent came in response to and in reliance upon, said notices, and was wholly unaware that these plaintiffs contemplated serving a summons upon deponent for any cause of action whatever, and particularly upon a cause of action upon which an action was then pending between these plaintiffs and deponent. Deponent has been advised by his counsel, and verily believes, that in so coming from his residence and into the jurisdiction of this court he is privileged and entitled to immunity from the service of process; and deponent therefore asks the protection of this court, and prays that the service of the summons, so as aforesaid made upon this deponent, be vacated and set aside. That deponent was informed by said Littlefield that the hearing on the 26th would be the conclusion of the examination of E. L. Finch, and the book-keeper of plaintiffs would be examined on the next hearing; whereupon deponent informed said Littlefield that he desired

:to and would appear upon the subsequent hearing. That before the next hearing deponent was served with the summons as aforesaid."

"Frank M. Avery, being duly sworn, deposes and says: That he is one of the firm of Phillips & Avery, counsel for the defendant Charles Galligher for the purpose of this motion. That deponent has caused inquiry to be made at the office of plaintiffs' attorney in reference to the hearing in the United .States circuit court actions referred to in the affidavit of Charles Galligher :hereto annexed, and is informed and verily believes that said hearings have .been proceeding and pending since the 23d day of September, 1890, and that .the same are still pending before the commissioner, and that the last hearing was set down for this day at 2 o'clock P. M."

It appeared by the opposing affidavits that the first hearing before the notary public was on September 23, 1890, and was adjourned from day to day :until September 27th; that defendant Charles Galligher attended, but took no part in the examination of the witnesses, saying that he only wished to see plaintiffs' book-keeper; when defendant was told, on September 24th, that the book-keeper was present and would be examined, he said that he did not care :to examine him, and that he was not going to attend any more; and that defendant was present at the examination for the last time on September 25th, and then only for a few minutes. The opposing affidavits further alleged :that defendant's attendance before the notary was entirely voluntary; that he was not required to attend by any process, and that he attended without counsel; and that the summons in the action against him, service of which is now sought to be set aside, was served on him more than two days after he had .announced that he would not take any further part in taking the depositions.

*Frederick M. Littlefield*, for plaintiff. *Phillips & Avery*, for defendant.

BARRETT, J. I am not prepared to follow, in all particulars, the doctrine of *Greer* v. *Young*, 120 Ill. 184, 11 N. E. Rep. 167. The courts of this state ihave gone very far in protecting parties and witnesses attending here upon a .judicial or *quasi* judicial proceeding. If Galligher had really come here to :protect his interests in the taking of testimony to be used against him in Illinois, I think the principle enunciated in the cases in this state is broad ·enough to protect him *eundo, morando, et redeundo.*. The proofs, however, ·overwhelmingly establish the fact that Galligher remained here longer than was necessary after he determined to have nothing more to do with the examination. Upon September 25th he expressed his intention not to return before the notary public, and he then remained for but a few minutes, taking no part in the proceedings. He was not served until the afternoon of the 27th. Thus he had the afternoon and night of the 25th, the whole of the 26th, .and the morning of the 27th to return to his home. His privilege was lost ·by remaining within this state an unreasonable and unnecessary length of time. The proofs show, indeed, that his presence here had no real relation to :the examination of witnesses. He was here partly for his own pleasure, and partly for ulterior objects. The motions to set aside the service of summons :should therefore be denied, with $10 costs in each case.