MARKS et al. v. LA SOCIETE ANONYME DE L'UNION DES PAPETERIES.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

WRITS—SERVICE OF SUMMONS—PRIVILEGE OF WITNESS.

Where a nonresident, who comes into the state to testify in an action, is too late for the trial, and unnecessarily delays the taking of his deposition *de bene esse,* and attends to business matters, he loses his exemption from service of process.

Appeal from special term.

Action by Samuel M. Marks and Jules Meyer against La Societe Anonyme de l'Union des Papeteries. From an order setting aside the service of summons, plaintiffs appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*David Tim,* for appellants. *Coudert Bros.,* for respondent.

BOOKSTAVER, J. Witnesses are entitled to immunity from the service of civil process for the commencement of actions, while attending our courts for the purpose of testifying, and this immunity does not depend on statutory provision, but is deemed necessary for the due administration of justice, and extends not only to witnesses, but also to the parties to the action. *Matthews* v. *Tufts,* 87 N. Y. 570. It also applies where the witness is a director of a foreign corporation, and is served with the summons in an action against such corporation,—*Sheehan* v. *Railroad Co.,* (Sup.) 3 N. Y. Supp. 790,—and it makes no difference whether the testimony is taken on the trial of the action in a court, or *de bene esse* before a referee or notary,—*Hollender* v. *Hall,* (Sup.) 13 N. Y. Supp. 758. The only question to be determined, therefore, on this appeal, is whether Engelbert de Limburg-Stirum, who was a director and the president of the defendant society, was actually in this country as a witness at the time of the service of the summons upon him, and for no other purpose; for if he were voluntarily within the state upon private business other than attending trial as a party to a litigation, or appearing as a witness in the courts of this state in other judicial proceedings, he could not claim exemption. *Sander* v. *Harris,* (Sup.) 14 N. Y. Supp. 38. It appears that two actions were commenced in the supreme court by the defendant herein against the plaintiffs,—one an action in replevin and the other for an accounting. The replevin action had been reached upon the calendar before the 16th January, 1892, and was set down for a day certain. The accounting action had not then appeared upon the day calendar, and no trial of it was imminent. On the day last named the defendant's attorney sent a cable message to Brussels, requesting Limburg-Stirum to come to America as soon as possible, with letters, etc. Presumably this cable was for the purpose of having him here as a witness in the first action. In obedience thereto, he left Brussels on the 26th January, but did not arrive here until the 6th February. On his arrival he was informed that the replevin action had been tried, and a verdict rendered in favor of the defendants therein and against his company; consequently he was no longer needed as a witness on that trial; and the taking of his testimony *de bene esse,* after verdict, was merely precautionary, in view of a possible new trial of that action, or in order to have the deposition for use in the action for accounting. Consequently, under such circumstances, it was his duty to have such examination taken with as little delay as possible, and for this purpose he could at once have applied to the court for an order for his examination, which would have been made returnable within a few days; but from the papers it appears that, instead of doing this, negotiations were entered into between the counsel for the respective parties looking to such ex-

amination *de bene esse*, with the result that a stipulation for the taking of the deposition was entered into on the 2d March, and the testimony taken on the 4th of that month.   Meanwhile the witness was transacting business with several persons and firms in this city and vicinity, and plaintiffs' counsel, having learned of this fact, served him with the summons in question on the 27th February, before the giving of the stipulation.   It also appears from the papers that when the stipulation was given, or about that time, it was stated to plaintiffs' counsel that the witness intended to Sail for Europe on the 5th March, and had engaged passage for that date, but he did not actually sail until the 12th of that month.   On this state of facts we *do not think the* service of the summons should have been set aside, for it is apparent, notwithstanding the affidavit of the witness, that he unnecessarily delayed the taking of his deposition, and attended to business matters while here, and that the object of his stay was at least in part for business purposes.   Hence he lost his privilege by remaining in the state an unreasonable and unnecessary length of time.   *Finch* v. *Galligher*, (Sup.) 12 N. Y. Supp. 487; *Van Lieuw* v. *Johnson*, referred to in *Pearson* v. *Grier*, 66 N. Y. 126.   Besides this, the witness remained in this state a week after the deposition was actually taken, although plaintiff's counsel was informed that he was to sail on the following day; *non constat* but, had plaintiffs known of this intended delay, they would have served a new summons upon him.   We therefore think the order should be reversed, with costs.

BISCHOFF, J., concurs.

PRYOR, J., (*concurring.*)   I concur in the decision, but upon the ground that the case is neither within the letter nor the spirit of the law according immunity to witnesses from service of process.   The process was not served upon the witness, but on the defendant corporation, of which the witness was president and director.   "Personal service of a summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof to the president," etc.   Code, § 432.   Thus it is the corporation that is served, and not the president to whom the copy summons is delivered.   The policy of the law is not to repel foreign witnesses from our jurisdiction by apprehension of personal consequences; but, by the delivery of the summons against the corporation to the president, he incurred no personal peril or embarrassment.   Indeed, the interests of justice are promoted, rather than obstructed, by upholding this service, instead of sending the citizen to a foreign country for redress of his grievance.   *Sheehan* v. *Railroad Co.*, 3 N. Y. Supp. 790, is a special term decision, and, I think, is unsupported by reason or authority.