(10 Misc. Rep. 350.)

### KREISER v. SCOFIELD et al.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. EXECUTION—NOT EFFECTED BY DISCHARGE FROM ARREST.
    Section 572 of the Code of Civil Procedure avoids an order of arrest only, and not an execution after judgment.
2. FALSE IMPRISONMENT—ARREST OF PRIVILEGED PERSON.
    An action for false imprisonment will not lie at common law for the arrest of a privileged person.
3. SAME—AGAINST WHOM ACTION LIES.
    It seems that an action under sections 863 and 864 of the Code of Civil Procedure lies only against the officer or person actually making the arrest; certainly not against one who neither directed, aided, nor abetted the illegal arrest.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Samuel Kreiser against Cyrus Scofield and William G. McCrea for false imprisonment. From a judgment of the city court (29 N. Y. Supp. 685) affirming a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

William G. McCrea, for appellants.
Abram Kling, for respondent.

PRYOR, J. The action is trespass for false imprisonment. The detention of the plaintiff was by execution against the person after judgment, and without an order of arrest. Upon motion in the court in which the action was depending, the execution was vacated and set aside, and the defendant discharged. The order of vacatur does not state that the process was void, but recites that it was superseded because no issued within ten days after the return of execution against property, nor within three months after entry of judgment, and because the defendant was arrested while returning from attendance in court as a witness. The order of vacatur, we assume, is res judicata between these parties in the present action; but only then as to matters relevant and material to the motion, and not as to the facts irrelevant and immaterial. People v. Johnson, 38 N. Y. 63. Upon the motion to set aside the process, the fact that it was not issued within ten days after return of the property execution, nor within three months after judgment, was wholly immaterial, and imparted to the court no power to supersede it. Redner v. Jewett (Sup.) 25 N. Y. Supp. 273; Sweet v. Norris, 12 Civ. Proc. R. 175, 176; Id., 110 N. Y. 668, 18 N. E. 481. The unanimous decision of the court of appeals is conclusive upon the point. Here, then, is no adjudication that the execution against the plaintiff's person was void for irregularity. The process being valid, the inference is unavoidable that it was set aside only because of irregularity in its service. But at common law an arrest of a privileged person is voidable only, not void,—does not constitute a trespass,—and so is unavailable and insufficient as foundation of an action

for false imprisonment. Deyo v. Van Valkenburgh, 5 Hill, 242; Smith v. Jones, 76 Me. 138; 7 Am. & Eng. Enc. Law, 694, notes; 3 Lawson, Rights, Rem. & Pr. 1067, and note; Cooley, Const. Lim. (5th Ed.) 162, note. Code, §§ 863, 864, denounces an arrest of a privileged witness as void, and authorizes an action for the wrong. But it is manifest, on the pleadings and the proceedings at the trial, that the suit was instituted and conducted as a common-law action. No reference was made to the statute, nor pretense of a claim of privilege by the plaintiff, nor right asserted to treble damages. Incontestably, the ground of action on which the plaintiff reposed was the irregularity of the execution, because issued too tardily. But, whether proceeding on the ground of irregularity in the execution, or in the arrest in violation of plaintiff's privilege, in neither aspect can the suit be maintained as a common-law action, because the execution itself was regular and valid (citations supra), and because arrest of a privileged person will not sustain an action for false imprisonment (citations supra).

Supposing, however, that the action proceeds upon the statute, still it is impossible to uphold it.

The statute (Code, § 863) authorizes an action only "against the officer or person making the arrest." And even they are not liable unless the person arrested claims his exemption. Section 864. True, he is not bound to make the affidavit until required by the officer, but clearly he must claim his privilege; for, until such claim be known to the officer, his requirement of the affidavit would be preposterous. No proof, we may add, was made by the plaintiff that he apprised the officer of his exemption, but an offer by the defendants of evidence to the contrary was rejected. It is the obvious and inevitable construction of the statute (sections 863 and 864) that the action is authorized only against the person making the arrest. Had the liability imposed been intended to comprehend the plaintiff and his attorney, the law would have been so declared in terms, instead of suffering such a severe penalty to lurk in the ambush of an equivocal implication. If it be argued that he who directs, aids, or abets a trespass is himself a trespasser, we answer that there is neither allegation nor proof that either of the defendants suggested or contemplated the arrest of the plaintiff while protected by his privilege. The uncontradicted evidence is all to the contrary. The attorney, defendant McCrea, testified that he instructed the deputy that the plaintiff "was not to be arrested until he got home," and that "he intended he should be arrested in his place of business, after he had returned from being examined." Nay, more; the attorney endeavored to countermand the execution, but the plaintiff's own attorney insisted on his arrest. The arrest was made in the office of the plaintiff's attorney, and the certain and incontrovertible inference from the evidence is that it was made at the attorney's instance. The process having been delivered to the sheriff without direction for its illegal execution,—nay, with positive instruction not so to execute it,—neither the defendant Scofield nor the other defendant, his attorney, is responsible for the arrest. Welsh v. Cochran, 63 N. Y.

181.  Supposing, again, defendants answerable for plaintiff's arrest, still the action is without support, for lack of proof that the plaintiff was arrested while privileged as a witness.  The immunity from arrest prevails only while the witness is going to court, or in court, or returning from court.  The undisputed evidence is that the arrest was made after the examination of the plaintiff, and his departure from the courthouse, and while he stopped in his attorney's office, upon a business not at all connected with his service or duties as a witness.  His privilege was then expired.  Marks v. La Societe Anonyme de l' Union des Papeteries, 19 N. Y. Supp. 470, affirmed in the court of appeals on the opinion below,—35 N. E. 206; Finch v. Galligher (Sup.) 12 N. Y. Supp. 487.  In these cases the witness was from abroad, and even less indulgence is allowed to a resident of the city.  It is not to be imagined that the plaintiff, as a witness, was embarrassed or molested by his arrest.

The learned trial judge committed error in denying the motion to dismiss the complaint.  Judgment reversed and new trial ordered; costs to abide event.  All concur.