## Case No. 4,627.

FALLIS et al. v. McARTHUR et al.

[1 Bond, 100.][1]

Circuit Court, S. D. Ohio. Oct. Term, 1856.

Collins & Herron, for plaintiffs.

OPINION OF THE COURT. This suit was brought originally in the superior court of Cincinnati, and process issued jointly against both of the defendants, who, it appears, are citizens of the state of Kentucky. The writ was returned served, as to the defendant McArthur, and not served, as to the other defendant. McArthur entered an appearance in the superior court, and filed his petition for the removal of the case to this court, pursuant to the act of congress. An order was made for the removal, and the papers have been duly filed, and the case docketed in this court. An application is now made by the counsel for the plaintiff, in the nature of a motion for leave to issue a summons against the defendant Barry, to make him a party in this court. The question whether process can issue against him so that the case may proceed here, against both defendants, depends on the proper construction of section 12 of the judiciary act of 1789 (1 Stat. 79), which provides, in substance, that where a suit is brought in a state court against a citizen of another state, if the matter in dispute exceeds five hundred dollars, the defendant may, at the time of entering his appearance, file his petition for the removal of the case to the circuit court of the United States; and on giving satisfactory security that the case shall be entered in that court, and spe-

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

cial bail given, if required, all further proceedings in the state court are suspended. And when so entered in the circuit court, it is declared it "shall then proceed in the same manner as if it had been brought there by original process."

This motion presents a new question of practice in this court, and no decisions in other circuit courts bearing upon it have been referred to. We think it clear, however, that under the provision of the statute just noticed, it is the undoubted right of one of two joint defendants, sued in a state court, to remove the case to this court; and where but one defendant has been served with process, the case may be removed upon his application. The act of congress as to him would be wholly useless and nugatory in any other view. And having this right, it will follow necessarily that the plaintiff may prosecute the suit against both defendants here. Otherwise he would be wholly frustrated in seeking his remedy by a joint action against both; and when brought into this court by the act of a defendant and against his own will, would be compelled either to discontinue the action or proceed against one of the defendants only. This would be giving to a defendant an unfair advantage not intended by the act of congress, and not required by a just construction of its language. In providing that when removed to this court, the case shall proceed as if originally brought here, the implication is clear, that if necessary, process may issue to make the defendant who was not served in the state court a party. It is analogous to the case of process issuing against two defendants in a suit in this court, but one of whom is brought in by service. It is the uniform practice in such a case, and is a matter of course, to issue an alias writ to make the other defendant a party. So, under the statute, the proceedings in the state court are to be viewed as making one defendant a party; and the case being thus in this court, it is the right of the plaintiff to have process against the other defendant.

There can be no question that under section 1 of the act of congress of February 28, 1839 (5 Stat. 321), it is competent for the plaintiff to proceed in this court against the defendant McArthur alone. That section provides, that if several defendants are sued in a court of the United States, some of whom are not residents of, or can not be found within the district in which suit is brought, the court may take jurisdiction, and proceed to trial and judgment against those served with process. But the plaintiff in this case is not bound to proceed under this statute. If he prefers to bring in the other defendant by process from this court, his right to do so scarcely admits of a doubt.