UNION ROLLING MILL CO., In re. See Case No. 13,783.

UNION R. TRANSP. CO. (LEITCH v.). See Case No. 8,224.

## Case No. 14,397.

### UNION SUGAR REFINERY v. MATHIESSON et al.

[2 Cliff. 304.][1]

Circuit Court, D. Massachusetts. May Term, 1864.

WRITS—ENTICING INTO DISTRICT—PRIVILEGE—MOTION TO DISMISS ACTION—PATENTS.

1. Under the eleventh section of the judiciary act [1 Stat. 78,] when a party defendant is found in the district where the process issued, although not a resident thereof, he may lawfully be served with the process; but it cannot properly be said that he was found there, if he was inveigled or enticed into the district by false representations or deceitful contrivances, for the purpose of making such service upon him.

[Cited in Steiger v. Bonn, 4 Fed. 17; Plimpton v. Winslow, 9 Fed. 366.]

2. The general rule is, that a person illegally in custody at the suit of one party, is not privileged from arrest at the suit of another, except there be proof of concert or collusion; but prior illegal arrest and subsequent detention will render the service illegal, and entitle the defendant to an unconditional discharge.

[Cited in Moynaham v. Wilson, Case No. 9,897.]

3. Courts of justice everywhere regard the employment of one legal process as a means of detaining a party till a second can be served upon him, such an abuse of the process as to render the second service unavailing; but whether the defendant is also entitled upon an ex parte application, to a discharge from the prior service as well, quære.

[Cited in Bridges v. Sheldon, 7 Fed. 46.]

4. Where an inventor who had assigned his invention to certain third parties, invited the defendant, an infringer, into the jurisdiction where the assignees resided, for the avowed purpose of settling the controversy, but without the knowledge of such assignees, and procured an interview between the parties, at the close of which the defendant was served with process in consequence of such infringement, held, there was not sufficient evidence of deceptive contrivances to obtain service on the defendant, and that a motion to dismiss the action on that account must be overruled.

Trespass on the case for the alleged infringement of certain letters-patent [No. 37,548]. The plaintiff corporation was a citizen of this district, and the defendants [Francis O. Mathiesson and others] of New Jersey, the former having a place of business at Charlestown, the latter a residence in Jersey City, but service of the writ was made on the first-named defendant at Boston, in this district, under process returnable to this court. After entry the defendant appeared specially and moved the court that the service of the writ upon him be set aside, and that the action be stricken from the docket, on the ground that the service was illegal and void, because obtained by

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.].

false representations and deceptive contrivances, in consequence of which the defendant was enticed into this district, with the design to have him so served with the process, and because he was so served in pursuance of such fraudulent plan and design. Testimony was taken by both parties under the direction of the court, and at this term the cause was heard. The plaintiff assumed that service was made under the eleventh section of the judiciary act, allowing civil suits to be brought before the courts of the United States against an inhabitant thereof by original process in the district in which the defendant may be found at the time of serving the writ. The following was the substance of the testimony: The inventor of the improvement which was the subject of dispute, one Gustavus A. Jasper, before he obtained letters-patent, assigned his invention to the corporation plaintiffs, who secured the patent, and held the invention under reissued letters-patent at the time of the trial. When the assignment was made, it was orally agreed that the plaintiffs should pay the assignor one half of the net proceeds of the sale or grant of all licenses or privileges of using the invention under the patent, when obtained, and this was subsequently embodied in a written agreement. The defendant had been using the invention without license before the date of the assignment to the plaintiffs, before of course the issue of the patent and down to the date of the writ. Objection to this use was made by the officers of the corporation, and interviews between the president and one of the directors and the defendant had taken place. The corporation demanded a substantial price for the use of the invention by the defendant, while he was willing to pay only a nominal sum; and therefore no settlement could be effected. The inventor and the defendant were intimate friends, had been in the habit of interchanging visits, and in the fall of 1863 the former invited the latter to visit him at Charlestown, in this district. The defendant, in reply, expressed his intention of accepting the invitation. In December of the same year the inventor again wrote the defendant, renewing the invitation, and also expressing the wish that he, the defendant, and the corporation might adjust the dispute about the patent, and requesting him to have an interview with the company for that end. Furthermore, he advised the defendant to treat with the before-named director, and not with the president. On the following day the inventor addressed another letter to the defendant, of similar purport. On the 16th of the month the defendant arrived at Charlestown, and he and the inventor called upon the president of the corporation, but nothing was said either about settling the controversy or bringing a suit. Three or four hours later the same two parties called upon the before-named director, but no settlement of the in-

fringement was made; and as the inventor and defendant left the office of the director, service of the writ in this case, which had been procured by the president since the call upon him, but without the knowledge of the director, was made upon the defendant. The evidence showed that the officers of the corporation were ignorant of the invitation extended by Jasper to the defendant to visit Charlestown, and it was not pretended that he had any expectation or thought that in so doing he would afford the corporation an opportunity of obtaining service of a writ upon the defendant.

B. R. Curtis, Chauncey Smith, Preston & Kimball, for plaintiff.

Browne & Maynadier, for defendant.

CLIFFORD, Circuit Justice. Under the provisions of the eleventh section of the judiciary act (1 Stat. 79), it is clearly the right of the plaintiff to serve the defendant with process in the district where the plaintiff resides, provided the process be in proper form, and the defendant be found in that district, within the true intent and meaning of that provision. The argument of the defendant admits the proposition as stated, and it is so obvious that it is correct that the statement of it furnishes all the explanation that is required in its support. Withdraw that right from the plaintiff, and the consequence would immediately follow that a defendant, although a citizen of another state, might evade service indefinitely by fleeing into the district where the plaintiff resides, and by remaining there until he could secrete or convey all his property, might defeat all means of rendering available any judgment which the plaintiff might recover against him in the federal courts. The right secured, therefore, by the provision, is plainly one of importance, and one that ought not to be impaired or frittered away by construction. Important as the right is, however, it must not be forgotten that it is conferred only under the special circumstances described in the provision, and if those circumstances are wanting, then the right does not exist. When the party defendant is found in such district, he may then be lawfully served with process; but it cannot be said that he was so found there, if he was inveigled or enticed into the district for the purpose of making such service upon him, by false representations and deceitful contrivances of the plaintiff in the suit, or by any one acting in his behalf. Abuse of legal process in any form has always been frowned upon by courts of justice, whenever and wherever the fact has been made to appear, and the party practising it is never allowed to reap the fruits of his wrongful act. Where the defendant was first arrested without process, and detained until process could be procured, and while so unlawfully detained was served with

legal process, it was held that inasmuch as the original arrest was illegal, the subsequent confinement under legal process was also illegal; and the defendant accordingly was unconditionally discharged. Barlow v. Hall, 2 Anstr. 461. The arrest was also held illegal, and the defendant discharged, in Birch v. Prodger, 1 Bos. & P. (N. R.) 135, because the defendant was first seized by the plaintiff in the street, and carried by him to the office of an attorney, and there detained until the process already issued and in the hands of the officer could be sent for and served. See, also, Loveridge v. Plaistow, 2 H. Bl. 29. The general rule, however, is that a person illegally in custody at the suit of one party, is not privileged from arrest at the suit of another, unless there is some proof of concert of collusion; because in the absence of such proof it cannot be assumed that the latter party has been guilty of any abuse of legal process or of any wrongful act whatever. Barclay v. Faber, 2 Barn. & Ald. 743; Howson v. Walker, 2 W. Bl. 823; Davies v. Chippendale, 2 Bos. & P. 282; Egginton's Case, 2 El. & Bl. 735. The rule, of course, would be otherwise if the party was not subject to arrest, as is admitted in all the cases establishing the preceding general rule. Spence v. Stuart, 3 East, 89. Improper contrivance also, as well as a prior illegal arrest and subsequent detention, will render the service illegal, and entitle the defendant to an unconditional discharge. Consequently, where a respondent in an equity suit was in contempt for not filing an answer, and the complainant having procured an order of attachment against him, and being unable to serve it, caused the respondent to be personally examined in certain insolvent proceedings pending against him in another tribunal, and as the respondent retired from the room after his examination, served him with the attachment process, it was held that the arrest was illegal, and that he should be discharged, because he had been arrested by a deceptive and improper contrivance. Snelling v. Watrous, 2 Paige, 314. The same principle is also laid down in Wells v. Gurney, 8 Barn. & C. 769, where it was held that a defendant, arrested on Sunday for an assault actually committed, but for the real purpose of detaining the defendant until Monday, so that he might be arrested in a civil suit, was entitled to a discharge from the arrest in the civil suit, because the arrest had been effected by an abuse of legal process and by deceptive means. Courts of justice everywhere regard the procurement and use of one legal process merely for the purpose of arresting a party and detaining him in custody until he can be served with another process, as such an abuse of process as will at least render the second service utterly unavailing to the party making it; and cases may be found where it has been held that the party arrested was entitled to be discharged from both upon an ex parte application to the court. Ex parte

Wilson, 1 Atk. 152. Whether or not the rule ought to be extended so far, it is not necessary now to determine, but it is clear that the service of the latter process in the case stated was illegal, and was properly set aside. Several cases also are cited by the defendant, in which it was held that if a party upon whom process is served, and who at the time was residing in another jurisdiction, was induced to come into the jurisdiction of the court where the suit was commenced, by a deception practised upon him by the plaintiff for the purpose of serving the process, such service is not good, and that the court will set it aside and dismiss the suit. Such were the views of the court in Williams v. Reed, 5 Dutch. [29 N. J. Law] 385, which is a case directly in point under the theory of fact set forth in the motion. Express adjudication to the same effect is also to be found in Carpenter v. Spooner, 2 Sandf. 717, which is entitled to much weight. An examination of these cases and others cited by the defendant satisfies the court that the proposition of the defendant, as stated in the motion, is correct that, where the defendant, residing in another district, is inveigled, enticed, and induced to come into the district where the plaintiff resides, by the false representations or deceptive contrivances of the plaintiff, or of any one acting in his behalf, for the purpose of serving legal process upon the defendant, and the same is served through such improper means, such service is illegal and ought to be set aside, and that the process should be dismissed. But the proofs in this case do not show that the defendant was first seized without process, and detained until process could be obtained and served, nor that he was arrested and held upon process obtained for the mere purpose of so arresting and detaining him until the process in question could be obtained, and served upon him. Nor do the proofs show that the plaintiffs or any one in their behalf, were guilty of any misrepresentations or practised any deceptive contrivances to entice or inveigle the defendant into this district to serve him with the process under consideration. All these conclusions of fact are admitted by the defendant, and, in admitting them, he also admits, in the view of the court, that his motion must be denied.

The proposition of the defendant is that the inventor is interested in the patent, and that, inasmuch as he invited the defendant to come into this district, and the defendant came in pursuance of such invitation, neither the corporation nor its officers, while he was here under that invitation, could sue out process returnable in this court, and cause the same to be served upon the defendant. The argument is that the inventor, although he had assigned the entire legal title to the corporation, nevertheless, under the agreement before mentioned, sustained to the corporation the relation of a partner in interest, and that, sustaining that relation, and having invited the defendant to come here, the corporation could not sue out process here and make service upon the defendant under the before-mentioned provision of the judiciary act. But the proposition cannot be sustained for several reasons, any one of which is conclusive against it, and sufficient to show that it is wholly untenable. The corporation held the entire legal title to the patent, and consequently had the exclusive right to determine whether or not a suit should be instituted. They had no knowledge of the acts of the inventor, and, as the inventor was not their agent in any sense, they could not be affected by his acts. He did not profess to act as their agent, and did not act in their behalf, which was well known to the defendant. Neither the corporation nor its officers committed any wrongful act either in suing out the process, or in directing it to be served by the marshal. The inventor did no wrongful act in writing the letters, or in extending the invitation to the defendant to come here and make an effort to adjust the controversy, as all he did and said was merely advisory, and without any improper intent. Where there is no false representation and no deceptive contrivance and no wrongful act of any kind done by the plaintiff, or by any other person in his behalf, to entice, inveigle, or induce the defendant to come into the jurisdiction where the plaintiff resides, for the purpose of serving him with process, it is competent for the plaintiff to sue out process and have it served; and such service is legal, and cannot be set aside, or the process dismissed, because made returnable and served in the district where the plaintiff resides. The motion is overruled and denied.

[For subsequent proceedings, see Cases Nos. 14,398 and 14,399.]