## Case No. 17,003.

### VORE v. FOWLER.

[2 Bond, 294.] [1]

Circuit Court, S. D. Ohio. June Term, 1869.

JURISDICTION OF FEDERAL COURTS—DIVERSE CITIZENSHIP—RESIDENCE IN DISTRICT—SERVICE OF PROCESS.

1. Suit was brought, in the circuit court of the United States within the Southern district of Ohio, against the defendant by the plaintiffs, and the marshal of said district made a return to the writ that defendant was served personally. The declaration averred defendant to be a citizen of Ohio, and the plaintiffs citizens of Iowa. *Held*, that it was not necessary, to give jurisdiction to the court, that the declaration should allege the defendant to be a resident of the Southern district of Ohio.

2. A circuit court of the United States has jurisdiction, where the parties are citizens of different states, without reference to the division of a state into districts.

3. If the defendant is a citizen of the state, and process has been served in the proper district, the question of jurisdiction can not prevail.

[This was an action by Pierson Vore against Jacob Fowler. Heard on demurrer to the declaration.]

E. A. Guthrie and T. J. Gallagher, for plaintiff.

R. M. Corwine, for defendant.

LEAVITT, District Judge. This is an action on a promissory note for $1,000, given by the defendant, payable to the order of the plaintiff. The declaration is in the usual form, averring, as a ground for the jurisdiction of this court, that the plaintiff is a citizen of the state of Iowa and the defendant a citizen of the state of Ohio. The defendant has demurred to the declaration; one ground of which is, that the court has not jurisdiction, there being no averment that the defendant is a resident or inhabitant of the Southern district of Ohio. This averment is not necessary. The marshal of this district has made a return to the writ, that it was served personally by the delivery of a copy to the defendant. The return does not state that it was served within the Southern district of Ohio, nor was this necessary. The fact of service on the defendant implies that it was served in that district. By law, no authority is vested in the marshal to serve such process without the district for which he is appointed. The court must presume, in the absence of proof to the

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

contrary, that the marshal has acted within the scope of his authority, and that the writ was executed within this district.

The averment of the declaration, that the defendant was a citizen of the state of Ohio, is sufficient to give this court jurisdiction, without alleging that he was a resident or citizen of the Southern district. The constitution declares, that the judicial power of the United States shall extend "to controversies between citizens of different states; and the act of congress, defining the jurisdiction of the circuit courts, provides that it shall extend to all suits between a citizen of the state in which suit is brought and a citizen of another state. It requires only that the parties shall be citizens of different states to vest jurisdiction in a circuit court of the United States without reference to the division of a state into districts. It results, therefore, that if a party sued is a citizen of the state in which suit is brought, though not a citizen or resident of the judicial district in which he is sued, the court has jurisdiction. If a citizen of the state, and the process has been served in the proper district, the question of jurisdiction can not prevail. To this effect is the decision of the supreme court of the United States in the case of McMicken v. Webb, 11 Pet. [36 U. S.] 25. In that case the defendant was a resident and a citizen of the Western district of Louisiana, but sued and served with process in the Eastern district. There was a plea to the jurisdiction of the court, which the supreme court held could not be sustained. In that case, as in this, the averment was that the defendant was a citizen of the state; and the writ being served in the district in which suit was brought, the jurisdiction of the court was undeniable. The demurrer is overruled.