## Case No. 13,120.

### SMITH v. TUTTLE.

[5 Biss. 159.] [1]

Circuit Court, N. D. Illinois. July, 1870.

COURTS—FEDERAL JURISDICTION—CITIZENSHIP
—RESIDENCE.

The acts of congress confer no jurisdiction over a defendant who is served with process while temporarily in a district in which he does not reside. The defendant has the privilege of litigating in the federal court in the state of his residence.

[Cited in Jewett v. Garrett, 47 Fed. 632.]

Demurrer to a plea to the jurisdiction. The plea sets up that the defendant, at the time of being served with process in this case, was a citizen and resident of the state of Iowa, and was temporarily in this district, and that the plaintiff is a citizen of New York. The plaintiff interposed a demurrer to this plea, on the ground that the act giving jurisdiction to the circuit courts confers jurisdiction on the court wherever the defendant might be found within the jurisdiction, although he may not be a resident of the district nor of the state.

BLODGETT, District Judge. This matter was called up during Judge DAVIS' visit to this city and the authorities examined, and Judge DAVIS, Judge DRUMMOND, and myself all came to the conclusion, in the light of the authorities, that this court has no jurisdiction over a citizen of another state who is temporarily found here long enough to be served with process; that the acts of congress conferring jurisdiction do not contemplate that a defendant shall be sued out of the state where he resides; that he has the privilege of litigating a question in the federal courts between himself and a citizen of another state in the state of his own residence. The demurrer will therefore be overruled.

That suitors within the jurisdiction of the court cannot be served with process, see Juneau Bank v. McSpedan [Case No. 7,582].

SMITH (UNION BANK v.). See Case No. 14,352.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]