## CASTELLO v. CASTELLO and others.

*(Circuit Court, W. D. Missouri.* October Term, 1882.)

1. PRACTICE—SERVICE ON PARTIES NON-RESIDENT—ACT OF CONGRESS, MARCH 3, 1875, § 8.

   The eighth section of the act of congress of March 3, 1875, authorizes the bringing in of parties to a suit who are *non-residents* of the district where the suit is brought, by service of an order of the court, as therein provided.

2. SAME—"CLOUD ON TITLE"—EQUITABLE RELIEF—JURISDICTION.

   When a complainant alleges in her bill that she was fraudulently induced to execute an agreement to receive less than her lawful share of her husband's estate, and that the estate is being divided according to such fraudulent agreement instead of being distributed in accordance with the laws of the state where it is being administered, the suit must be considered as instituted "to remove a cloud upon title to personal property," within the meaning of section 8 of the act of March 3, 1875, and as calling for equitable relief within the jurisdiction of the United States circuit court.

*Cowan & French,* for complainant.

*James Scammon,* for defendants.

KREKEL, D. J. Complainant, a citizen of the state of Kansas, brings her bill against William H. and Charles L. Castello, citizens of the state of Illinois, Mary E. Hickok and Franklin Hickok, her husband, and George N. Nolan, public administrator of Jackson county, Missouri, the three last-named defendants being residents of the state of Missouri, setting forth that plaintiff was the wife of James O. Castello; that after their marriage they moved to and resided in Kansas City, Missouri, where her husband, in July, 1881, died intestate; that soon after his death his brothers and sister attempted to take possession of his estate, and to protect it she had the public administrator of Jackson county, Missouri, take charge of the same; that afterwards said brothers and sister, under the pretense of making a settlement and compromise with her, and paying her for the interest she had in her husband's estate, by deceit and fraud induced her to sign an instrument of writing reciting that she had agreed to take one-fourth of her husband's estate; that said agreement has been filed in the probate court of Jackson county, which is now administering the estate; and that it is insisted by the defendants that the distribution thereof shall be made in conformity to said fraudulent agreement, instead of the laws of the state of Missouri.

The public administrator, Nolan, is made a party, and asked to be enjoined from paying over, so that complainant's estate may be preserved. She prays for the setting aside and annulling of the

instrument referred to, so that the probate court having in charge the estate may be free to distribute the same according to law, and for general relief. As to two of the defendants, William H. and Charles L. Castello, inhabitants of the state of Illinois, an affidavit as to their non-residence in this district is filed, with prayer that an order for personal service on them in Illinois be made as authorized by the eighth section of the act of congress of the third of March, 1875. The Illinois defendants appear by attorney and file their motion to set aside the order made by the court, directing them to be served, as improvidently made. The remaining defendants file their demurrer to the bill. The motion to set aside the order of service, and the demurrers, are the matters to be determined.

In support of the motions to set aside the order of service, the ground is taken that the act of congress cited does not authorize the bringing in of parties non-residents of the district in which the suit is brought; that the court can get jurisdiction only by seizure of property or personal service in the district. The eighth section of the act of congress cited provides—

"That when, in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon, or claim to, or remove any incumbrance or lien or cloud upon, the title to real estate or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain, to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person in possession or charge of said property, if any there be."

Similar provisions for personal service on defendants outside of the territorial jurisdiction of the court are found in the statutes of Missouri, sections 3494 and 3501. The provisions of the act of congress differ from the Missouri act in some particulars, but to whatever the law of congress extends, the provisions thereof are broader in their application to the subjects which may be litigated, as we shall hereafter see, on considering the demurrers. In support of the view by counsel regarding obtaining jurisdiction, admiralty services, and decisions of courts regarding such, are cited and relied on. Admiralty proceedings are based upon the law that the thing seized is the defendant in the action,—the responsible party, so to speak,—and all notices are general, and not directed to any person except those in possession, who are notified that the property has been seized. The service provided in the act of congress of 1875 must be

taken to be a service enabling the court to fully deal with the parties and their rights pertaining to the subject-matter of the litigation.

The question as to whether, under the act of congress, viewed in connection with the Missouri act adopted in practice, there should be served with the order a copy of the writ and petition, as provided in the Missouri statute, it is not necessary to determine, as the parties have appeared and filed motions; but it may be remarked that such additional service is to be preferred, as it gives the party full notice as to what he is to defend.

The motion to set aside the order of service is overruled.

The demurrers of defendants to the bill remain to be considered. The demurrer takes the ground that the court cannot grant the relief asked—*First*, for the want of power in the court over the subject-matter; *next*, for want of equity in the bill. Section 8 of the act of congress cited provides for the removal of any "lien or cloud upon the title to real or personal property within the district where such suit is brought." It is argued that there can be no lien or cloud upon the title to property in this case, because there is no property described in the bill, and no decree could be rendered without. This attempted subdivision of the subject-matter in litigation for the purpose of trying the parts, is of no avail. Looking at the object of the bill it mainly seeks to remove a lien or cloud upon her interest in the estate and property of her husband. That this estate passed into the hands of the public administrator, and may have been by him converted into money before this time, can make no difference. The question is, is she entitled to a different share or part of the estate and property of her husband than is provided for in the instrument of writing under which defendants claim, and which she alleges was obtained by deceit and fraud. The jurisdiction over questions of this kind by the courts of the United States, when invoked by a distributee and citizen of another state, has been determined by the supreme court in *Payne* v. *Hook*, 7 Wall. 425, and decisions since.

The instrument sought to be set aside may, with no great impropriety, be called a lien upon the amount for final distribution of the estate of James O. Castello, for the defendants assert their title to the proceeds under it. At any rate, it is a cloud upon her title as long as it stands and is made the basis of claims adverse to her interest. The equity of the bill, assuming the allegation thereof to be true, as the demurrers admit, can hardly be questioned. Here is the

wife of a husband whose estate would descend to her, and the brothers and sister of the deceased, there being no will. By deceitful practices and frauds she is induced to sign an instrument depriving her largely of her legal interest. The very statement of the matter calls for interference and redress. Scarcely an object for more proper interference on the part of a court of equity could be conceived of. It should be done in time, before the estate has taken wings and found its way into the possession of wrongful claimants. The administration of the estate in the probate court is not asked to be interfered with, but the way for its proper action is to be cleared, which might have been done by appearing in the court having the estate in charge, but which a non-resident has a right to have done in the courts of the United States.

The demurrers will be overruled.

Judge McCRARY concurs.

---

NON-RESIDENTS—AS PARTIES. By section 8 of the act of congress of March 3, 1875, a federal court acquires jurisdiction over parties only by service of process, or by their voluntary appearance,(a) and only by service of process within the district,(b) and not then if he is but temporarily within the district.(c) A person who comes within the district merely for the purpose of attending a trial in a state court, cannot be served with process issuing out of a United States court;(d) and if served with summons while attending the trial of a cause in the circuit court as a party, the service will be set aside.(e) Where defendant, not an inhabitant of the district, is inveigled or enticed into the district by false representations or deceptive contrivances, service of process on him within the district is illegal.(f) If a non-resident comes into the district for the purpose of pleading to an indictment and giving bail, he cannot be sued before he has a reasonable time to depart.(g) If defendant is a non-resident of the district, the record must show with certainty that process was served upon him within the district.(h) Where one joint defendant removed the suit, plaintiff is entitled to process against the defendant who was not served with process in the state court at the time the cause was removed.(i) If necessary parties are non-residents, their appearance may be secured under the provision of this section, where there is property within the

(a) Herndon v. Ridgway, 17 How. 424; Stevens v. Richardson, 9 Fed. Rep. 191.

(b) Allen v. Blunt, 1 Blatchf. 480; Union Sugar Refi. v. Mathiesson, 2 Cliff. 304.

(c) Smith v. Tuttle, 5 Biss. 159.

(d) Juneau Bank v. McSpeden, 5 Biss. 64; Parker v. Hotchkiss, 1 Wall. Jr. 269; Brooks v. Farwell, 4 Fed. Rep. 166.

(e) Parker v. Hotchkiss, 1 Wall. Jr. 269. Contra, Blight v. Fisher, Pet. C. C. 41.

(f) Steiger v. Bonn, 4 Fed. Rep. 17; Union Sugar Refi. v. Mathiesson, 2 Cliff. 304.

(g) U. S. v. Bridgman, 8 Am. Law. Rec. 541.

(h) Allen v. Blunt, 1 Blatchf. 480; Vore v. Fowler, 2 Bond, 294; McCloskey v. Cobb, Id. 15; Thayer v. Wales, 5 Fisher, 448.

(i) Fallis v. McArthur, 1 Bond, 100. Contra, Field v. Lownsdale, Deady, 228. See Fisk v. Union Pac. R. Co. 8 Blatchf. 243; 6 Blatchf. 362.

jurisdiction upon which a lien is claimed.(j) A marshal's return of "not found," is not a condition precedent to the making of the order contemplated by this section; such order may be made on affidavit alone.(k) The circuit court cannot enforce the lien until it has jurisdiction of the person.(l) This provision is not a denial of jurisdiction, but the grant of a privilege to defendant not to be sued out of the state where he resides unless served with process, or waives his privilege by voluntary appearance.(m) The successor in a deed of trust is a proper party defendant in a suit to adjudge the deed a subsisting lien, and he may be brought before the court under this section.(n) The circuit court has jurisdiction to adjudicate upon the claims of parties not found within the district, if they have been notified by service or by publication of the pendency of the suit.(o) Foreign corporations are found within the district when process is served upon their duly-constituted agent in charge of their business.(p)—[Ed.

(j) Mercantile Trust Co. v. Portland & O. R. Co. 10 Fed. Rep 604.

(k) Forsyth v. Pierson, 9 Fed. Rep. 801; Woolridge v. McKenna, 8 Fed. Rep. 650.

(l) Ins. Co. v. Bangs, 103 U. S. 435.

(m) Harrison v. Rowan, Pet. C. C. 489; Segee v. Thomas, 3 Blatchf. 11.

(n) Mass. Mut. L. Ins. Co. v. Chicago & A. R. Co. 13 Fed. Rep. 857.

(o) Goodman v. Niblack, 102 U. S. 556.

(p) McCoy v. C., I., St. L. & C. R. Co. 13 Fed. Rep. 3; Mohr v. Mohr Dist. Co. 12 Fed. Rep. 474.